IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST MILLER,

     Plaintiff,                   No. 2:12-cv-2200 LKK EFB P

   vs.

W. PINE, et al.,

     Defendants.          FINDINGS AND RECOMMENDATIONS

                             /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Before the court is plaintiff's complaint. Dckt. No. 1. Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

       The court has reviewed plaintiff's complaint pursuant to § 1915A. Because plaintiff did not exhaust available administrative remedies prior to commencing this action, the court finds that this action must be dismissed. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003)

1

1 (stating that a prisoner's concession to nonexhaustion is a valid ground for dismissal of an
2 action).

3       The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide
4 that "[n]o action shall be brought with respect to prison conditions under section 1983 of this
5 title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional
6 facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).
7 This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001);
8 *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute
9 making exhaustion a precondition to judgment, but it did not. The actual statue makes
10 exhaustion a precondition to *suit*."). A prisoner seeking leave to proceed in forma pauperis in an
11 action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C.
12 § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050
13 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before
14 filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to
15 exhaust. *Id.* at 1051; *McKinney*, 311 F.3d 1198. *See also Rhodes v. Robinson*, 621 F.3d 1002, at
16 *6, 13 (9th Cir. 2010) (clarifying that the rule of *Vaden* and *McKinney* does not apply to new
17 claims raised in a supplemental complaint regarding conduct that occurred after the initial
18 complaint was filed).

19       California prisoners may appeal "any policy, decision, action, condition, or omission"
20 that the inmate can demonstrate "as having an adverse effect upon his or her welfare." Cal. Code
21 Regs. tit. 15, § 3084.1(a). The grievance process, as defined by California regulations, has three
22 levels of review to address an inmate's claims, subject to certain exceptions. *See Id.*, § 3084.7.
23 Administrative remedies generally are exhausted once a plaintiff has received a "Director's
24 Level Decision," or third level review, with respect to his issues or claims. *Id.*, § 3084.1(b).
25 ////
26 ////

1       In his complaint, dated August 19, 2012, plaintiff alleges he was attacked by correctional
2  officers on May 10, 2012. Plaintiff checked the boxes on his form complaint indicating that the
3  administrative exhaustion process is available to him and that it is completed, but he also
4  indicates that he never filed a grievance concerning the facts raised in the complaint. Dckt. No.
5  1 (Complaint) § II. However, the exhaustion process cannot be completed without ever filing a
6  grievance. Plaintiff states he did not file a grievance because his "life is in danger" because he
7  "almost died" from an attack by prison guards. *Id.* Thus, plaintiff appears to believe that
8  exhaustion of administrative remedies is excused if he claims to be threatened with irreparable or
9  imminent harm. As discussed above, however, exhaustion is mandatory. Plaintiff cites to no
10 authority supporting his proposed exception to the mandatory exhaustion requirement.
11 Moreover, the "exhaustion requirement does not allow a prisoner to file a complaint addressing
12 non-exhausted claims, even if the prisoner exhausts his administrative remedies while his case is
13 pending." *Rhodes*, 621 F.3d at 1004 (citing *McKinney*, 311 F.3d at 1199). Given plaintiff's
14 concession that he did not properly exhaust available administrative remedies, coupled with the
15 unlikelihood of proper exhaustion given the close proximity between the alleged wrongs and the
16 filing of the complaint, it appears that plaintiff did not exhaust his administrative remedies prior
17 to filing suit. Consequently, this action should be dismissed.[1]  *See Wyatt*, 315 F.3d at 1120.

18      Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without
19 prejudice for failure to exhaust administrative remedies prior to filing suit.

20      These findings and recommendations are submitted to the United States District Judge
21 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
22 after being served with these findings and recommendations, any party may file written
23 objections with the court and serve a copy on all parties. Such a document should be captioned
24 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

---

[1] Dismissal without prejudice may permit plaintiff to file a new action upon exhaustion of the prison grievance process.

3

1 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3 Dated: October 24, 2012.

                        EDMUND F. BRENNAN
                        UNITED STATES MAGISTRATE JUDGE